1      UNITED STATES DISTRICT COURT

2      EASTERN DISTRICT OF NORTH CAROLINA

3

UNITED STATES OF AMERICA,      )
4                              )
          Plaintiff,           ) DOCKET NO. 5:24-cr-00200-D-BM-3
5                              )
     VS.                       )
6                              )
DONNAVIN MUSTAFIA BYRDSONG,     )
7  *et al.*,                    )
                               )
8          Defendants.         )
_____)
9
          PUBLIC TRANSCRIPT OF ARRAIGNMENT HEARING
10      BEFORE MAGISTRATE JUDGE ROBERT T. NUMBERS, II
           TUESDAY, NOVEMBER 12, 2024; 1:52 P.M.
11                 RALEIGH, NORTH CAROLINA

12      (PURSUANT TO STANDING ORDER 22-SO-1, PORTIONS OF ALL
        GUILTY PLEA AND SENTENCING TRANSCRIPTS ARE RESTRICTED)
13
FOR THE PLAINTIFF:
14      United States Attorney's Office
        By:  Jennifer C. Nucci, AUSA
15      150 Fayetteville Street, Suite 2100
        Raleigh, NC  27601
16
FOR THE DEFENDANT, DONNAVIN MUSTAFIA BYRDSONG:
17      Richard Croutharmel, Esq.
        5 W. Hargett Street, Suite 706
18      Raleigh, NC  27601

19
Audio Operator:                COURT PERSONNEL
20

21      Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
22  _____

23              JANICE RUSSELL TRANSCRIPTS
                 1418 Red Fox Circle
24              Severance, CO  80550
                  (757) 422-9089
25              trussell31@tdsmail.com

1       P R O C E E D I N G S

2              THE COURT:  We have a number of arraignments on the

3       calendar for this afternoon as well, which we'll proceed to

4       now.  I've got a sealed matter, which we'll address in a

5       moment, and then the *** matter, the *** matter, and the ***

6       matter is how we'll proceed today.

7              All right.  So our first matter is in the Case No.

8       5:24-cr-200.

9              Would counsel please identify themselves for the

10      record, beginning with counsel for the United States?

11             MS. NUCCI:  Good afternoon, your Honor.  Jennifer

12      Nucci standing in for Assistant United States Attorney Casey

13      Peaden on behalf of the Government.

14             MR. CROUTHARMEL:  Good afternoon, your Honor.  Richard

15      Croutharmel on behalf of the defendant.

16             THE COURT:  Good afternoon.

17             So Ms. Nucci, I'll note that this is a sealed matter

18      at the moment.  Is the Government moving to unseal that matter

19      either in whole or in part?

20             MS. NUCCI:  In part, your Honor, as to Mr. Byrdsong.

21             THE COURT:  All right.  I will grant that motion.

22             This is the United States of America versus Donnavin

23      Mustafia Byrdsong, again Case 5:24-cr-200.  And we're here

24      today for the defendant's arraignment and entry of a plea.

25             Mr. Crutharmel, my notes indicate it's anticipated

1  your client'll plead guilty to the sole, to Count 1, the sole

2  count against him, of the second superseding indictment, is

3  that correct?

4          MR. CROUTHARMEL:  That's correct, your Honor.

5          THE COURT:  All right.

6          Madam Clerk, would you please place the defendant

7  under oath?

8          THE COURTROOM DEPUTY:  If you'll raise your right hand

9  and place your left hand on the Bible.

10     (Defendant Byrdsong sworn)

11         THE COURT:  Mr. Byrdsong, do you understand that you

12 are now under oath and if you answer any of my questions

13 falsely you may be prosecuted for perjury or making a false

14 statement?

15         DEFENDANT BYRDSONG:  Yes, your Honor.

16         THE COURT:  So over the course of the next few minutes

17 I'm going to ask you some questions.  The first set of

18 questions will be about you and your background to make sure

19 you're competent to enter a plea.  I'll then ask you some

20 questions to make sure that you understand the consequences of

21 pleading guilty.  Then I'll ask you how you plead to the

22 charges against you.  You can speak with your attorney before

23 answering any of my questions.

24         Do you have any questions about this process?

25         DEFENDANT BYRDSONG:  No, your Honor.

1          THE COURT:  All right.

2          Would you please state your name for the record?

3          DEFENDANT BYRDSONG:  Donnavin Mustafia Calbee

4   (phonetic) Byrdsong.

5          THE COURT:  And how old are you, sir?

6          DEFENDANT BYRDSONG:  Thirty-one.

7          THE COURT:  How far did you go in school?

8          DEFENDANT BYRDSONG:  Some college.

9          THE COURT:  Are you able to speak, read, and

10  understand English?

11         DEFENDANT BYRDSONG:  Yes, your Honor.

12         THE COURT:  Have you recently been treated for any

13  mental illness or addiction of any kind?

14         DEFENDANT BYRDSONG:  No, your Honor.

15         THE COURT:  Are you currently under the influence of

16  any drug, medication, or alcoholic beverage?

17         DEFENDANT BYRDSONG:  No, your Honor.

18         THE COURT:  Do you understand the purpose of today's

19  hearing?

20         DEFENDANT BYRDSONG:  Yes, your Honor.

21         THE COURT:  Mr. Croutharmel, any concerns about your

22  client's competency?

23         MR. CROUTHARMEL:  No, your Honor.

24         THE COURT:  Any concerns from the Government?

25         MS. NUCCI:  No, your Honor.

1      THE COURT:  Mr. Byrdsong, I have before me this form

2  labeled Consent to Proceed Before a United States Magistrate

3  Judge that appears to bear your signature.  Did you, in fact,

4  sign this form?

5      DEFENDANT BYRDSONG:  Yes, your Honor.

6      THE COURT:  And the form reflects that you wish to

7  waive your right to have today's proceeding conducted by a

8  United States District Judge and instead, consent to have it

9  conducted by me, a United States Magistrate Judge, is that

10 correct?

11     DEFENDANT BYRDSONG:  Yes, your Honor.

12     THE COURT:  Mr. Croutharmel, has your client received

13 a copy of the second superseding indictment?

14     MR. CROUTHARMEL:  No, your Honor.

15     THE COURT:  Ms. Nucci, do you have a copy for the

16 defendant?

17     MS. NUCCI:  I do.

18    (Document handed to defendant and counsel)

19     MR. CROUTHARMEL:  I will note for the record that I

20 have communicated with Ms. Peaden about this and she indicated

21 that nothing has changed with respect to Mr. Byrdsong in the

22 second superseding indictment.

23     THE COURT:  I believe that there's a motion currently

24 pending before Judge Dever to unseal some of the, the

25 Complaint, but, or some of the indictment, but you'll, you have

```
 1   the copy now.

 2             MR. CROUTHARMEL:  Yes.

 3             THE COURT:  Would, would your client like that read to

 4   him or does he waive reading?

 5             MR. CROUTHARMEL:  We'd waive reading, Judge.

 6             THE COURT:  Although the defendant has waived reading

 7   of the second superseding indictment, I do want to briefly

 8   review the nature of the offense it's anticipated he'll plead

 9   guilty to and the associated penalties.

10             The defendant is charged with conspiracy to distribute

11   and possess with the intent to distribute 400 grams or more of

12   fentanyl.  If convicted of that offense, the defendant faces at

13   least ten years in prison and up to life in prison.  He faces

14   ups to five -- I'm sorry -- at least five years of supervised

15   release and up to a life term of supervised release.  He faces

16   up to five years in prison upon revocation of supervised

17   release, a fine of up $10 million, restitution if applicable,

18   and a $100 special assessment.

19             Now Mr. Byrdsong, do you understand the nature of the

20   charge against you, as well as the maximum and minimum

21   penalties provided by law for that offense?

22             DEFENDANT BYRDSONG:  Yes, your Honor.

23             THE COURT:  Have you discussed the charge you intend

24   to plead guilty to fully with your attorney?

25             DEFENDANT BYRDSONG:  Yes, your Honor.
```

1          THE COURT:  And are you fully satisfied with the

2    representation you received from your attorney?

3          DEFENDANT BYRDSONG:  Yes, I am.

4          THE COURT:  Has anyone forced you or threatened you in

5    any way to get you to plead guilty?

6          DEFENDANT BYRDSONG:  No, your Honor.

7          THE COURT:  Do you understand that the offense it's

8    anticipated you'll plead guilty to is a felony offense?

9          DEFENDANT BYRDSONG: Yes, your Honor.

10          THE COURT:  And do you understand that if you plead

11    guilty to a felony offense you may lose valuable civil rights,

12    such as the right to vote, the right to hold public office, the

13    right to serve on a jury, and the right to possess any kind of

14    firearm?

15          DEFENDANT BYRDSONG:  Yes, your Honor.

16          THE COURT:  Do you understand that if you are not a

17    United States citizen, in addition to other possible penalties

18    you're facing, your conviction for a felony may result in your

19    removal from the United States, the denial of an application

20    for citizenship, and the denial of admission to the United

21    States in the future?

22          DEFENDANT BYRDSONG:  Yes, your Honor.

23          THE COURT:  Do you understand that if there's a

24    forfeiture notice in the indictment, then you may be required

25    to forfeit certain property to the United States?

1          DEFENDANT BYRDSONG:  Yes, your Honor.

2          THE COURT:  Do you understand that you have the right

3  to plead not guilty to the offense charged against you and to

4  persist in that plea?

5          DEFENDANT BYRDSONG:  Yes, your Honor.

6          THE COURT:  Do you understand that if you entered a

7  not guilty plea you would then have the right to a jury trial?

8          DEFENDANT BYRDSONG:  Yes, your Honor.

9          THE COURT:  Do you understand that at your trial you'd

10 be presumed to be innocent and the Government would need to

11 prove you guilty beyond a reasonable doubt?

12         DEFENDANT BYRDSONG:  Yes, your Honor.

13         THE COURT:  Do you understand that you would have the

14 right to be represented by an attorney at your trial and at

15 every other stage of your proceeding in this court?

16         DEFENDANT BYRDSONG:  Yes, your Honor.

17         THE COURT:  Do you understand that the Court would

18 appoint an attorney to represent you if you cannot afford one?

19         DEFENDANT BYRDSONG:  Yes, your Honor.

20         THE COURT:  Do you -- now at trial the Government

21 would need to bring any of its witnesses to court; the

22 witnesses would need to test, would need to testify before you;

23 your attorney could cross-examine those witnesses, object to

24 evidence offered by the United States, and offer evidence on

25 your behalf?  Do you understand that?

1          DEFENDANT BYRDSONG:  Yes, your Honor.

2          THE COURT:  Do you understand that you would have the

3    right to testify at trial if you wished to do so, as well as

4    the right not to testify at trial if you did not want to do so?

5          DEFENDANT BYRDSONG:  Yes, your Honor.

6          THE COURT:  Do you understand that if you chose not to

7    testify, the judge would instruct the jury that they cannot

8    hold that decision against you or even consider it in

9    determining your guilty or innocence?

10         DEFENDANT BYRDSONG:  Yes, your Honor.

11         THE COURT:  Do you understand that you would have the

12   right to use the subpoena power of the Court to make witnesses

13   come to court and testify regardless of whether they wanted to

14   do so?

15         DEFENDANT BYRDSONG:  Yes, your Honor.

16         THE COURT:  And do you further understand that by

17   entering a guilty plea, if the Court accepts that plea, you

18   will not have a trial and you'll have given up your right to a

19   trial, as well as the other trial-related rights I've discussed

20   today?

21         DEFENDANT BYRDSONG:  Yes, your Honor.

22         THE COURT:  Now Mr. Byrdsong, you've entered into a

23   plea agreement with the United States, is that correct?

24         DEFENDANT BYRDSONG:  Yes, your Honor.

25         THE COURT:  All right.  I have before me a document

1    labeled Memorandum of Plea Agreement.  It appears you've signed

2    that document in two places, first on Page 2 on the line above

3    where it says Defendant and then also on Page 8, the last page,

4    on the line above your name.

5           Did you, in fact, sign the plea agreement?

6           DEFENDANT BYRDSONG:  Yes, your Honor.

7           THE COURT:  I also have before me a document labeled

8    Sealed Supplement to Memorandum of Plea Agreement.  It appears

9    you've signed the Sealed Supplement on the line above your

10   name.

11          Did you, in fact, sign that document?

12          DEFENDANT BYRDSONG:  Yes, your Honor.

13          THE COURT:  Did you read the plea agreement and the

14   Sealed Supplement in their entirety and discuss them with your

15   attorney before you signed them?

16          DEFENDANT BYRDSONG:  Yes, your Honor.

17          THE COURT:  And other than the plea agreement and the

18   Sealed Supplement, do you have any other agreements with the

19   United States about how to resolve your case?

20          DEFENDANT BYRDSONG:  No, your Honor.

21          THE COURT:  And other than what's in the plea

22   agreement and the Sealed Supplement, has anyone made you any

23   promises or assurances to get you to plead guilty?

24          DEFENDANT BYRDSONG:  No, your Honor.

25          THE COURT:  And do you understand all the terms in the

1    plea agreement and the Sealed Supplement?

2              DEFENDANT BYRDSONG:  Yes, your Honor.

3              THE COURT:  Now the Court is not a party to your plea

4    agreement and it will make an independent determination whether

5    to accept the plea agreement's terms.

6              Do you understand that?

7              DEFENDANT BYRDSONG:  Yes, your Honor.

8              THE COURT:  Your plea agreement may contain certain

9    sentencing recommendations.  The Court can reject those

10   recommendations without permitting you to withdraw your guilty

11   plea and it could impose a sentence that is more severe than

12   you may anticipate.  Do you understand that?

13             DEFENDANT BYRDSONG:  Yes, your Honor.

14             THE COURT:  Your plea agreement may also contain an

15   agreement to dismiss charges or an agreement on sentencing

16   issues.  If the Court chooses not to follow the terms of that

17   agreement, you will have the opportunity to withdraw your

18   guilty plea, but, if you do not do so, the Court may impose a

19   more severe sentence on you than what was included in your plea

20   agreement.  Do you understand that?

21             DEFENDANT BYRDSONG:  Yes, your Honor.

22             THE COURT:  And do you understand that by entering

23   into your plea agreement you're giving up your right to appeal

24   or otherwise challenge your conviction or sentence on any

25   ground other than ineffective assistance of counsel or

1   prosecutorial misconduct not known to you at the time of your

2   guilty plea?

3           DEFENDANT BYRDSONG:  Yes, your Honor.

4           THE COURT:  Now if the Court accepts your guilty plea,

5   Judge Dever will hold a sentencing hearing to determine your

6   sentence.

7           Have you spoken with your attorney about how the Court

8   will calculate your sentence?

9           DEFENDANT BYRDSONG:  Yes, your Honor.

10          THE COURT:  All right.  I want to briefly go over the

11  sentencing process with you.

12          To begin with, the Court will determine your advisory

13  guideline range under the federal sentencing guidelines.  It

14  will then consider any departure or variance motions, which may

15  move your guideline range up or down.  The Court will then

16  consider the sentencing factors required by federal law, which

17  are found in 18 U.S.C. Section 3553(a), as well as statements

18  made by you, your attorney, the attorney for the Government,

19  and any victims.

20          Do you understand that?

21          DEFENDANT BYRDSONG:  Yes, your Honor.

22          THE COURT:  The Court will not determine any of these

23  sentencing-related factors until your sentencing hearing takes

24  place.  Do you understand that?

25          DEFENDANT BYRDSONG:  Yes, your Honor.

1        THE COURT: And do you understand that any estimate

2  you may have received from your attorney or anyone else about

3  what your sentence may be is only an estimate and that estimate

4  is not binding on the Court?

5        DEFENDANT BYRDSONG: Yes, your Honor.

6        THE COURT: And do you understand that the Court has

7  the authority to sentence you to the maximum sentence allowed

8  by law on each count that you plead guilty to?

9        DEFENDANT BYRDSONG: Yes, your Honor.

10        THE COURT: Now in a moment I'll ask the Government to

11  summarize what it believes it could show if this matter were to

12  proceed to trial, but before I do I want to review with you the

13  elements of the offense it's anticipated you'll plead guilty

14  to, the elements of what the Government must show beyond a

15  reasonable doubt at trial to obtain a conviction.

16        For the count of con, charge of conspiracy to

17  distribute and possess with the intent to distribute 400 grams

18  or more of fentanyl, the elements of that offense in your case

19  are that beginning on a date unknown, but no later than in or

20  about January 2022 and continuing up to on or about September

21  19, 2024, in the Eastern District of North Carolina and

22  elsewhere, you entered into an agreement with another person to

23  distribute and possess with the intent to distribute 400 grams

24  or more of fentanyl, a Schedule II controlled substance; you

25  knew of the conspiracy; and you knowingly and voluntarily

1    became part of the conspiracy.

2            THE COURT:  Mr. Byrdsong, do you understand the

3    elements of that charge?

4            DEFENDANT BYRDSONG:  Yes, your Honor.

5            THE COURT:  All right.  Sir, have you answered all my

6    question truthfully today?

7            DEFENDANT BYRDSONG:  Yes, your Honor.

8            THE COURT:  All right.  You and Mr. Croutharmel may be

9    seated.

10           Would the Government please provide the factual basis

11   supporting the entry of the guilty plea?

12           MS. NUCCI:  Yes, your Honor.

13           This case arises out of an investigation conducted by

14   the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the

15   Raleigh Police Department, as well as the United States Postal

16   Inspection Services.  During the investigation, law enforcement

17   determined that this defendant was traveling to California,

18   together with co-conspirators, to obtain fentanyl pills.  The

19   defendant and other members of this drug-trafficking

20   organization would then ship the fentanyl pills back to the

21   Eastern District of North Carolina for further distribution.

22           The conspiracy began in January of 2022 and continued

23   through September 19th of 2024.  During the investigation, law

24   enforcement located surveillance footage from a U. S. Post

25   Office in Los Angeles, California on January 16th of 2024.

1    That footage showed the defendant mailing two packages, which

2    were bound for 2233 Sunny Cove Drive in Raleigh, North

3    Carolina.  Law enforcement obtained a federal search warrant

4    for the packages.  Each package was found to contain a Lego box

5    with approximately 20,000 fentanyl pills for a total of 40,000

6    pills weighing approximately 4,401 grams.  That substance was

7    sent to the CCBI Lab for confirmation and later confirmed to

8    contain 400 grams or more of fentanyl.

9           For safety reasons, the pills were removed from the

10   packages and the boxes were repackaged.  Law enforcement

11   delivered the boxes to the address of 2233 Sunny Cove, which is

12   located within the Eastern District of North Carolina on

13   January 22nd of 2024.  They then marked them as delivered in

14   the computer database.

15          Law enforcement conducted surveillance and observed

16   this defendant arrive at that location and take possession of

17   the boxes.  When approached by law enforcement, the defendant

18   fled on foot and was ultimately arrested.

19          In addition to the seized packages, a review of the

20   cellphone seized in this investigation confirms that this

21   defendant was, in fact, working with other individuals, both in

22   Raleigh and in California, to obtain and distribute fentanyl

23   pills here in the Eastern District of North Carolina.

24          THE COURT:  Thank you.

25          Mr. Croutharmel, does the defense agree that there's a

1 factual basis for the entry of the guilty plea?

2          MR. CROUTHARMEL:  We agree, your Honor.

3          THE COURT:  All right.

4          Mr. Byrdsong, would you please stand, sir?

5     (Defendant Byrdsong complies)

6          THE COURT:  Would you like any additional time to

7 speak with your attorney before entering a plea?

8          DEFENDANT BYRDSONG:  No, your Honor.

9          THE COURT:  Then with respect to the sole count

10 against you of conspiracy to distribute and possess with the

11 intent to distribute 400 grams or more of fentanyl, how do you

12 plead?

13          DEFENDANT BYRDSONG:  Guilty.

14          THE COURT:  Did you, in fact, commit that crime?

15          DEFENDANT BYRDSONG:  Yes, your Honor.

16          THE COURT:  And are you pleading guilty today of your

17 own free will because you are, in fact, guilty?

18          DEFENDANT BYRDSONG:  Yes, your Honor.

19          THE COURT:  In the case of United States of America

20 versus Donnavin Mustafia Byrdsong, Case 4, 5:24-cr-200, let the

21 record reflect the Court is satisfied and finds as fact that

22 the defendant's guilty plea was freely and voluntarily entered.

23 When the defendant entered his plea, he was fully competent and

24 had a full and complete understanding of the nature of the

25 charge he's pleading guilty to, as well as the maximum and

1    minimum penalties provided by law for that offense.  The

2    defendant's guilty plea is accompanied by an independent

3    factual basis containing each of the essential elements of the

4    offense he pleaded guilty to; therefore, the Court accepts the

5    defendant's guilty plea and adjudges him guilty of Count 1 of

6    the second superseding indictment.

7         The Court defers consideration of the plea agreement

8    until it receives the pre-sentence investigative report.

9         Sentencing in this matter is set for Judge Dever's

10   February 2025 term here in Raleigh.

11        In the coming weeks, the Probation Office will

12   interview the defendant as part of preparing the pre-sentence

13   investigative report.  The defendant may have his attorney with

14   him during that interview, if he wishes.  Defense counsel

15   should, is required to contact the Probation Office immediately

16   after court today to arrange for the defendant's interview.

17   The defendant will receive a copy of the pre-sentence report.

18   He should review it carefully and submit any objections in a

19   timely manner.  If the defendant does not object in a timely

20   manner, the Court may not consider his objections in

21   determining his sentence.

22        The defendant should also be aware that he will have

23   the opportunity to address the Court at sentencing, as will the

24   attorneys for the parties and any victims.

25        All right.  Ms. Nucci, anything further?

1            MS. NUCCI:  No, your Honor.  Thank you.

2            THE COURT:  Anything further from the defense?

3            MR. CROUTHARMEL:  No, your Honor.

4            THE COURT:  All right.

5            That concludes the plea, the proceedings for Mr.

6    Byrdsong.  He's remanded to the custody of the U. S. Marshals.

7            THE COURT:  And I appreciate your flexibility with

8    scheduling, Mr. Croutharmel.

9            MR. CROUTHARMEL:  Thank you, your Honor.

10           (Proceedings as to Defendant Donnavin Mustafia Byrdsong

11   concluded at 2:07 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
  1                    CERTIFICATE OF TRANSCRIBER

  2            I, Janice Russell, court-approved transcriber, in and

  3   for the United States District Court for the Eastern District

  4   of North Carolina, do hereby certify that pursuant to Section

  5   753, Title 28, United States Code, that the foregoing is a true

  6   and correct transcript from the official electronic sound

  7   recording of the proceedings held in the above-entitled matter

  8   and that the transcript page format is in conformance with the

  9   regulations of the Judicial Conference of the United States.

 10

 11                    Dated this 15th day of September, 2025.

 12

 13                    /s/ JANICE RUSSELL
                       JANICE RUSSELL
 14                    COURT-APPROVED TRANSCRIBER

 15

 16

 17

 18

 19

 20

 21

 22

 23

 24

 25
```